UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Metropolitan Life Insurance Company,

Plaintiff,

vs.

Donald Schumacher and
Dawn Jackson,

Defendants.

Civ. No. CV-858 ADM/AJB

**STIPULATION AND ORDER FOR DISMISSAL AND ENTRY OF DEFAULT JUDGMENT**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Metropolitan Life Insurance Company ("MetLife"), and Defendant Dawn Jackson, as follows:

1. The Decedent, James Francis, Jr., was a participant in the Railroad Employees National Health and Welfare Plan (the "Plan"), which is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. MetLife issued an insurance policy to Decedent's employer to fund the Plan. The Decedent was enrolled for $10,000 in life insurance benefits.

2. Defendants Donald Schumacher (the surviving nephew of Decedent) and Dawn Jackson (a former spouse of the Decedent) have both claimed to be the proper beneficiary of the policy.

3. MetLife, having received competing claims for the insurance policy proceeds, commenced this action of its own free will to avoid being vexed and harassed by conflicting and multiple claims.

FILED JUN 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 14 2000
DEPUTY CLERK

4. MetLife personally served the Defendants with its Summons and Complaint in Interpleader. Service on Dawn Jackson was made on April 10, 2000. Service on Donald Schumacher was made on April 14, 2000.

5. Dawn Jackson served and filed an Answer to the Complaint on April 28, 2000.

6. Donald Schumacher has failed to plead or otherwise respond to the Complaint.

7. Because MetLife has offered in its Complaint to pay the full amount of the benefit, including interest, into the Registry of the Court, and because the Court has full authority to order payment of this amount to whichever claimant is entitled to the benefits, MetLife, the Plan and Decedent's Employer (Burlington Northern) may be discharged from any and all claims or liability arising out of the Decedent's life insurance policy.

8. It is in the interest of all parties to have MetLife, the Plan and Decedent's Employer discharged and dismissed from this action, as MetLife may be entitled to attorneys' fees in bringing this interpleader action, to be paid out of the funds deposited with the Court. *See Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, *rehearing denied* 788 F..2d 1570 (11th Cir. 1986).

9. The parties, through their undersigned counsel, agree that MetLife shall within two weeks of the Court's Order, deposit into the Registry of the Court the entire proceeds from Decedent's life insurance policy ($10,000 plus interest accrued from the date of death, April 9, 1998), less $500, which the parties agree is a fair and reasonable sum for MetLife's attorneys fees incurred in bringing this Interpleader action. The parties agree that the Court shall enter an Order in the form attached hereto, dismissing MetLife, with prejudice, from this action, and permitting payment of the insurance proceeds into the Registry of the Court, or as this Court otherwise directs.

10. The parties further agree that the Court shall enter an Order in the form attached hereto, granting default judgment in favor of Jackson and against Schumacher.

**BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.**

Dated: 6-9-00

By ______________________
Christopher R. Morris (License #230613)
Attorneys for MetLife
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 333-3000

**SKOLNICK & ASSOCIATES, P.A.**

Dated: 6-12-00

By ______________________
William R. Skolnick (License #137182)
Sean Shiff (License #270519)
Attorneys for Dawn Jackson
4408 IDS Center
80 South Eighth St.
Minneapolis MN 55402
(612) 335-8274

**ORDER**

Based upon the preceding Stipulation, the Court makes the following Order:

**IT IS HEREBY ORDERED,** that:

1. Pursuant to Fed.R.Civ.P. 22, MetLife shall within two weeks from the date of this Order, deposit into the Registry of the Court the entire proceeds of the life insurance policy issued to Decedent ($10,000 plus interest accrued from the date of death, April 9, 1998), less $500 out of said proceeds, which the parties agree and the Court finds is a fair and reasonable sum for MetLife's attorneys' fees incurred in bringing this Interpleader action.

2. Upon MetLife's fulfilling its obligation in paragraph 1 above, MetLife, the Plan and Decedent's Employer are discharged from any and all liability arising out of or related to the Decedent's life insurance policy, and Defendants Schumacher and Jackson shall have no claim against MetLife arising out of or related to the Decedent's life insurance policy.

3. Pursuant to Fed.R.Civ.P. 55, default judgment is hereby granted in favor of Dawn Jackson and against Donald Schumacher, and the Clerk of Court is authorized to disburse the funds deposited by MetLife in this action to Dawn Jackson and her attorneys, SKOLNICK & ASSOCIATES, P.A.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: June 13, 2000

By: [signature]
Hon. Ann D. Montgomery
Judge of United States District Court



FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK